```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


MARY DAVIS,

              Plaintiff,

      vs.                                Civil Action 2:13-CV-1262
                                         Judge Sargus
                                         Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
```

### REPORT AND RECOMMENDATION

**I. Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is now before the Court for consideration of plaintiff's *Statement of Errors*, Doc. No. 12, the Commissioner's *Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 15, and *Plaintiff's Reply*, Doc. No. 16.

Plaintiff Mary Davis filed her current applications for benefits on August 18, 2009, alleging that she has been disabled since January 5, 2009. *PAGEID* 173, 209-13. Plaintiff's previous applications for Social Security benefits were denied on March 13, 2007. *PAGEID* 61, 170. The current applications were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

1

An administrative hearing was held on April 3, 2012,[1] at which plaintiff, represented by counsel, appeared and testified, as did Lynne Kaufman, who testified as a vocational expert. *PAGEID* 61, 111. In a decision dated May 8, 2012, the administrative law judge concluded that plaintiff was not disabled from January 5, 2009, through the date of the administrative decision. *PAGEID* 69. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 25, 2013. *PAGEID* 46.

Plaintiff was 58 years of age on the date of the administrative decision. *See PAGEID* 69, 209. Plaintiff was last insured for disability insurance purposes on September 30, 2012. *PAGEID* 63. She has not engaged in substantial gainful activity since January 5, 2009, her amended date of onset of disability. *Id*.

## II. Medical Evidence[2]

On March 12, 2010, W. Jerry McCloud, M.D., reviewed the record and opined that "[t]his is an adoption of the not severe ALJ/AC decision dated 03-13-07 which is being adopted under AR 98-4 (Drummond Ruling)." *PAGEID* 313.

Maria Congbalay, M.D., reviewed the record and, on September 10, 2010, affirmed Dr. McCloud's assessment. *PAGEID* 371.

Plaintiff reported to Mount Carmel St. Ann's Hospital on November 8, 2010 for pain in her low back and upper gluteal area for the prior two days. *PAGEID* 405-06. Plaintiff was diagnosed with a lumbosacral strain and

---

[1] A December 7, 2011 administrative hearing was continued to permit plaintiff to arrange for representation. *PAGEID* 91-110.
[2] The Court's discussion of the medical evidence is limited to the issues raised in plaintiff's *Statement of Errors*, which challenges only the findings related to plaintiff's back impairment.

prescribed Percocet and Flexenl. *PAGEID* 408-09. Plaintiff presented to Mount Carmel St. Ann's Hospital again for back, leg, and hip pain and numbness in her right great toe on November 21, 2010. *PAGEID* 399-400. X-rays of the lumbar spine and pelvis were unremarkable. *PAGEID* 401-02. Plaintiff was diagnosed with lumbosacral radiculopathy and prescribed "a very short course of pain medication and steroids until she c[ould] see her physician [the following day]." *PAGIED* 402.

Plaintiff was treated the following day at Capital Park Family Health Center for pain in her low back and right leg and numbness in her right great toe. *PAGEID* 421. Clinical findings included an inability to walk on her heels. *PAGEID* 422. Plaintiff was diagnosed with back pain with radiculopathy. *Id*. On December 6, 2010, plaintiff reported that her low back pain continued intermittently. *PAGEID* 419. She also reported leg and ankle pain and numbness in the tip of her great toe. *Id*. A January 18, 2011 MRI of the lumbar spine revealed a broad-based extruded disk at L4-5 without critical central canal stenosis. *PAGEID* 414.

Plaintiff treated with Scott A. Murray, M.D., beginning on March 31, 2011, for chronic right hip pain and pain in her leg and low back. *PAGEID* 445-47. Dr. Murray commented that plaintiff's discogenic pain usually responds well to McKenzie exercises. Dr. Murray referred plaintiff to an OrthoNeuro facility and prescribed Lidoderm patches for low back and hip pain. *PAGEID* 447.

Plaintiff treated with Robert Brooks, D.C., on ten occasions between June 30 and August 16, 2011 for radiating lumbar and lumbosacral pain and discomfort bilaterally into the legs. *PAGEID* 432-44. On June 30, 2011,

plaintiff rated her pain as seven on a 10-point scale and indicated that pain was noticeable 75 percent of the time. *PAGEID* 442. Plaintiff tested positive for lumbar and cervical myofasciitis bilaterally. Lumbar valsava test was positive, Hibb's Test was positive bilaterally, Yeoman's Test was positive bilaterally, Patrick's Test was positive on the right, minor's sign test was positive, leg drop test was positive, heel walk test was positive, and shoulder depression test was positive bilaterally with pain on the left. *PAGEID* 441-42. Dr. Brooks diagnosed acquired deformity of pelvis (obliquity) and lumbar spinal stenosis. *PAGEID* 444.

### III. Administrative Decision

The administrative law judge found that plaintiff has the following medically determinable impairments: gastritis/gastroesophageal reflux disorders, lumbar spine disc extrusion, a history of chronic idiopathic urticarial and angioedema, hyperlipidemia, a history of diverticulosis, and an adjustment disorder with depressed mood. *PAGEID* 64. The administrative law judge also found that "[t]he updated record does not document new and material evidence establishing a significant change in the claimant's condition" since the March 2007 administrative decision denying plaintiff's prior applications for benefits. *PAGEID* 67-68. Accordingly, the administrative law judge relied on Soc. Sec. Acquiescence Ruling 98-4(6) and adopted the step-two finding from that prior decision. The administrative law judge specifically found that plaintiff's impairments are not severe because she does not suffer from an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) her ability to perform basic work-related

4

activities for 12 consecutive months. *PAGEID* 65. The administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from January 5, 2009, through the date of the administrative decision. *PAGEID* 68-69.

**IV. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff contends that the administrative law judge erred in finding that her back impairment was not severe and in determining that her back impairment did not represent a significant change in condition since the March 2007 administrative decision. *Statement of Errors*, pp. 6-10. Plaintiff also argues that, in finding that plaintiff does not suffer from a severe impairment, the administrative law judge improperly rendered his own medical opinion. *Id*. at pp. 11-12.

As noted *supra*, the administrative law judge adopted the step-two finding from the March 2007 administrative decision and found that plaintiff does not suffer a severe impairment. PAGEID 65-68. In *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit held that, absent evidence of improvement in a claimant's condition or of other changed circumstances, a subsequent administrative law judge is bound by the final determination by an administrative law judge in an earlier proceeding. *Drummond*, 126 F.3d at 842. *See also* Acquiescence Ruling 98-4(6):

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

63 Fed. Reg. 29771-01, at 29773; 1998 WL 274052. Therefore, *Drummond* and Acquiescence Ruling 98-4(6) require the administrative law judge to adopt the March 2007 finding that plaintiff did not suffer a severe impairment

unless the record reflects new and material evidence that demonstrates a change in plaintiff's condition or a change in circumstances.

The administrative law judge determined that the "updated record does not document new and material evidence establishing a significant change in the claimant's condition." *PAGEID* 67.  With regard to plaintiff's back impairment, the administrative law judge noted that the "January 2011 MRI of the claimant's lumbar spine revealed no neural compromise or critical canal stenosis (Exhibit B14F), and the record documents only minimal treatment for her back pain complaint (Exhibit B15F), including chiropractic care (Exhibit B17F)." *PAGEID* 67.  The administrative law judge further found:

> The summarized evidence supports the assessment of Ohio Bureau of Disability Determination (BDD) physicians W. Jerry McCloud, M.D., and Maria Congbalay, M.D., who reviewed the record and adopted the finding of the prior ALJ decision that the claimant does not have a severe physical impairment or a combination of physical impairments that are severe (Exhibits B4F and B10F). Dr. McCloud and Dr. Congbalay are well qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to the severity of impairments.  They are deemed to possess specific "understanding of our disability programs and their evidentiary requirements" (Social Security Ruling 96-6p).  Their assessments are consistent with and well supported by the evidence of the record as a whole, and are accepted as accurate representations of the claimant's physical status.  The evidence received into the record after the reconsideration determination concerning her status did not provide any credible or objectively supported new and material information that would alter the BDD's findings concerning the severity of her impairments.

*PAGEID* 67-68.

The Commissioner argues that the administrative law judge's decision to adopt the March 2007 step-two determination is supported by substantial evidence because the administrative law judge relied on the December 2009

consultative opinion of Robert Woskobnick, D.O., the opinion of Dr. McCloud, and the opinion of Dr. Congbalay in determining that plaintiff does not suffer a severe impairment. *Commissioner's Response*, pp. 4-5. However, none of these three doctors had the benefit of the evidence related to plaintiff's back impairment because plaintiff's back impairment was diagnosed only after they rendered their opinions. Significantly, Drs. Woskobnick, McCloud, and Congbalay did not review plaintiff's January 18, 2011 MRI of the lumbar spine, which revealed a broad-based extruded disk at L4-5 without critical central canal stenosis, *PAGEID* 414, nor did they review any of the nearly 10 months' worth of medical records related to her back impairment.

The Commissioner also argues that the administrative law judge found that "the updated record reveal[ed] no worsening" of plaintiff's back impairment. *Commissioner's Response*, p. 4. However, as noted, plaintiff's back impairment post-dates the March 2007 administrative decision and all of the opinion evidence.

In short, the opinions of Dr. Woskobnick, Dr. McCloud, and Dr. Congbalay do not offer substantial support for the administrative law judge's finding that plaintiff's condition had not changed since the March 2007 administrative determination of plaintiff's prior application for benefits. The administrative law judge's step-two finding, which was supported by only these opinions, is therefore not supported by substantial evidence.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action

be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 1, 2014                                  *s/Norah McCann King*
                                                   Norah M$^c$Cann King
                                          United States Magistrate Judge

9